UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,                            Case No. 2:04CV73733

V.                                        Hon. George Caram Steeh
                                          U.S. District Court Judge
INTERNATIONAL HOUSE OF
PANCAKES, INC.,

       Defendant.
_____/
LAURIE YOUNG
ADELE RAPPORT (P44833)                   JAMES B. THELEN (P53841)
ROBERT K. DAWKINS (P38289)            Miller, Canfield, Paddock. &
TAMMY C. KLEIN (60256)                   Stone, P.L.C.
Equal Employment Opportunity Commission   One Michigan Avenue, Suite 900
477 Michigan Ave. Room 865              Lansing, MI 48933
Detroit, Michigan 48226                      (517) 487-2020
(313) 226-5673

                                          KEITH KING (207301)
                                          Counsel Litigation Management
                                          Counsel for Defendant, IHOP
                                          450 N. Bland Blvd. 7th Floor
                                          Glendale, CA 91203
                                          (818) 637-4783

## CONSENT DECREE

On September 5, 2003, the Equal Employment Opportunity Commission, ("EEOC" or the "Commission") commenced this action in the United States District Court for the Eastern District of Michigan, Southern Division, on behalf of Charging Party, Jinks Greiner, ("Charging Party" or "Greiner") under the Age Discrimination in Employment Act, ("ADEA") against Defendant, the International House of Pancakes, Inc., ("Defendant" or "IHOP"). The

1

Commission alleged in its Complaint that Defendant failed to hire Griener for the position of server because of her age, sixty-seven (67), in violation of the ADEA.

## FINAL DISPOSITION

1. The Commission, on behalf of Greiner, and IHOP desire and hereby agree to forever resolve all issues raised, presented, or joined in Civil Action Number 2:04-CV-73733 without the burden, expense and potential delay of further litigation of all issues set forth in this lawsuit and intend to be bound by the promises made herein, and therefore now enter into this Consent Decree.("Decree")

2. The EEOC is the agency of the United States government authorized to investigate allegations of unlawful employment discrimination, to bring civil actions to prohibit unlawful employment practices, and to seek relief for individuals affected by the practices complained of in this lawsuit.

3. IHOP is an employer engaged in an industry affecting commerce within the meaning of Section 701(g) and (h) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e(g) and (h), which is incorporated by reference in the ADEA. IHOP had at least twenty (20) employees for twenty (20) or more calendar weeks during the relevant time period.

4. Pursuant to the ADEA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division) over the subject matter and parties to this case for the purpose of entering this Decree, and, if necessary, enforcing the provisions of this Decree.

5. Venue is appropriate in the Eastern District of Michigan (Southern Division). For purposes of this Decree and proceedings related to this Decree

only, IHOP agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

**MONETARY RELIEF**

6.	IHOP agrees to pay Jinks Greiner monetary relief in the amount of Twenty Thousand and 00/100 dollars ($20,000.00) within fourteen (14) days of the acceptance and signing of this Decree.  Taxes and other statutory deductions will be the sole responsibility of Greiner.  For Federal Income Tax purposes, IHOP will issue a form 1099 to Greiner at the appropriate time, as required by law.  The check in the amount of Twenty Thousand and 00/100 dollars ($20,000.00) shall be sent via certified mail directly to Jinks Greiner at 508 Lakeview, Whitelake, MI  48382, with a copy of the check sent to Laurie A. Young, Regional Attorney, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

**NON-DISCRIMINATION**

7.	Neither IHOP, through its corporately owned restaurants, nor its officers, agents, employees, successors, or assigns will discriminate against any applicants for employment or employees on the basis of age and shall comply with all provisions of the Age Discrimination in Employment Act .

**NON-RETALIATION**

8.	IHOP, through its directors, officers, agents, successors, assigns and employees of IHOP's corporately owned restaurants, will not retaliate against any person known to them who participated or cooperated in the investigation and prosecution by the EEOC of the Charge of Discrimination filed under the Age Discrimination in Employment Act by Jinks Greiner. Additionally, IHOP agrees that it will not retaliate against any individual known to have

3

participated in the lawsuit brought by the EEOC on behalf of Greiner, Civil Action No. 2:04-CV-73733.

## DISPUTE RESOLUTION AND COMPLIANCE

VI. The Parties agree that the United States District Court for the Eastern District of Michigan shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to filing such a motion with the Court, and shall be required to give notice to each other at least ten (10) days before moving for such review.

## POSTING OF NOTICE

10. IHOP will post a mutually agreeable notification in at least one (1) conspicuous place at its Glendale, California Restaurant Support Center, which sets forth an employee's rights regarding the federal anti-discrimination laws. This notice shall be posted for no less than three (3) years. Should any posted copy of the notice become defaced, marred or otherwise made unreadable, IHOP agrees to post a readable copy of this notice in the same manner heretofore specified as soon as practical thereafter. In addition, IHOP warrants that it will continue to post all employment discrimination notices as required by applicable law at all times.

## NON-ADMISSION OF LIABILITY

11. IHOP has denied all allegations set forth in Civil Action Number 2:04-CV-73733, along with any and all inferences of wrong doing, and neither its consent to the entry of this Decree, nor any of the terms or conditions set forth herein, shall constitute an adjudication or

4

finding on the merits of the case or be construed as an admission of liability, wrongdoing, guilt, and/or violation of federal law, which IHOP expressly denies.

### ALLOCATION OF COST

12. The Parties agree to pay their respective costs and attorneys fees associated with Civil Action Number 2:04-CV-73733, as well as the drafting and enforcement of this Decree.

### SEVERABILITY CLAUSE

13. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

### TRAINING

14. IHOP agrees to make arrangements to obtain training for its Field Human Resource Manager, Patricia Azlin. The training shall discuss the federal anti-discrimination laws, with an emphasis placed on the Age Discrimination in Employment Act, and should last a minimum of two (2) hours. The training may occur in the Atlanta, Georgia area and should occur within one (1) year of the entry of this Decree. A certification that the training took place, along with a detailed list of the topics discussed in the training, shall be sent to Laurie A. Young, Regional Attorney, Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, as soon as is practical following the completion of the training.

### ENTIRE AGREEMENT

15. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon in writing and signed by the parties hereto.

## DURATION

16. This Decree shall remain in effect for three (3) years from its entry with the Court and shall not be actionable thereafter.

Respectfully submitted,

| | |
|---|---|
| s/Tammy Klein | s/Keith King by consent |
| LAURIE A. YOUNG | KEITH KING |
| ROBERT DAWKINS (P38289) | Counsel Litigation Management |
| TAMMY KLEIN (P60256) | Counsel for Defendant, IHP |
| Equal Employment Opportunity Commission | 450 N. Bland Blvd. 7th Floor |
| 477 Michigan Avenue, Room 865 | Glendale, CA 91203 |
| Detroit, Michigan 48226 | (818) 637-4783 |
| (313) 226-5673 | |
| | s/James B. Thelen by consent |
| | JAMES B. THELEN (P53841) |
| | Miller, Canfield, Paddock and Stone, PLC |
| | Counsel for Defendant IHOP |
| | One Michigan Avenue, Suite 900 |
| | Lansing, MI 48933 |
| | (517) 487-2070 |

IT IS SO ORDERED:

s/George Caram Steeh           March 22, 2006
HONORABLE GEORGE CARAM STEEH      DATE
U.S. DISTRICT COURT JUDGE

CERTIFICATE OF SERVICE

Coopies of this Order were served on the attorneys of record on March 22, 2006 by electronic mail.

s/Marcia Beauchemin
Deputy Clerk